UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RICHARD CARMEN WARE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Nos. 2:18-CV-063 |
| ) | 2:14-CR-107 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM OPINION

Before the Court is Richard Carmen Ware's ("Petitioner's") *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. 1; Criminal Docket ("Crim.") Doc. 546].[1] The United States has responded in opposition [Doc. 4; Crim Doc. 570]. Petitioner did not file a reply, and the time for doing so has passed. *See* Rule 5(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts; [*see also* Doc. 3]. For the reasons below, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 546] will be **DENIED**.

### I. BACKGROUND

In January 2015, Petitioner and fourteen co-defendants were charged in a five-count second superseding indictment pertaining to conspiracy and distribution of a mixture and substance containing a detectable amount of alpha-pyrrolidinopentinophenone ("a-PVP"),

---

[1] Document numbers not otherwise specified refer to the civil docket.

along with related gun charges and forfeiture allegations. [Crim. Doc. 101]. Petitioner was named in three counts. [*See id*.].

On July 8, 2015, Petitioner entered into a plea agreement with the government. [Crim. Doc. 277]. Petitioner agreed to plead guilty to two counts of conspiracy to distribute a mixture and substance containing a detectable amount of a-PVP, a Schedule I controlled substance in violation of 21 U.S.C. § 846, 21 U.S.C. § 841(a)(1), and 21 U.S.C. § 841(b)(1)(C). [*See id*.] The plea agreement was signed by Petitioner and attorney L. Dudley Senter.

In his plea agreement, Petitioner acknowledged that beginning approximately January 2014 and continuing until October 2014, Petitioner knowingly, intentionally, and without authority, conspired with at least one other person to distribute and possessed with intent to distribute at least 7,850 grams of a-PVP, a Schedule I controlled substance analogue before March 7, 2014 and a Schedule I controlled substance after that date. [*Id*. at 2-3]. Petitioner also acknowledged that the Court would impose sentencing. [*Id*. at 14].

The Court conducted a change of plea hearing on August 17, 2015. Although there is no transcript of that hearing in the record, the minutes from the hearing indicate that Petitioner was arraigned and specifically advised of his right, that his motion to change plea to guilty was granted, that he waived the reading of the Indictment, that he pled guilty to Counts 1 and 2 of the Second Superseding Indictment, that the Government moved to dismiss the remaining count at sentencing, that Petitioner was referred for a Presentence Investigative Report ("PSR"), and that he was to remain on bond until his sentencing hearing. [Crim. Doc. 327].

The PSR calculated a total offense level of 29 and a criminal history category of II, resulting in a guideline range of 97 to 121 months. [Crim. Doc. 354, ¶ 67]. The PSR also noted that, but for Petitioner's plea agreement dismissing Count 3, he would have been exposed to a mandatory consecutive term of imprisonment of 60 months, which would have subjected him to a guideline range of 157 to 181 months. [*Id*. at ¶ 71].

The government filed a notice of no objections to the PSR. [Crim. Doc. 358]. The government also filed sentencing memorandum wherein it concurred that the correct advisory guideline calculation was 97 to 121 months imprisonment and reserved the right to file a motion for departure. [Crim Doc. 376].

Petitioner, through counsel, also filed a notice of no objections to the PSR. [Crim. Doc. 368]. Petitioner, through counsel, filed a sentencing memorandum, requesting a downward variance from the advisory guideline range based on an argument that Petitioner played a minor role in the criminal activity and an argument that Petitioner's declining physical health and advanced age merit variance from the sentencing guidelines. [Crim. Doc. 369].

On October 26, 2015, the Court sentenced Petitioner to a total of 60 months' imprisonment and then three years of supervised release. [Crim. Doc. 403]. Petitioner did not file a direct appeal, but on October 2, 2017, he filed this § 2255 motion.

## II. STANDARD OF REVIEW

Under § 2255(a), a federal prisoner may move to vacate, set aside, or correct his judgment of conviction and sentence if he claims that the sentence was imposed in violation of the Constitution or laws of the United States, that the court lacked jurisdiction to impose

the sentence, or that the sentence is in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). As a threshold standard, to obtain post-conviction relief under § 2255, the motion must allege: (1) an error of constitutional magnitude; (2) a sentence imposed outside the federal statutory limits; or (3) an error of fact or law so fundamental as to render the entire criminal proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Moss v. United States*, 323 F.3d 445, 454 (6th Cir. 2003).

A movant bears the burden of demonstrating an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *See Reed v. Farley*, 512 U.S. 339, 353 (1994) (noting that the Petitioner had not shown that his ability to present a defense was prejudiced by the alleged constitutional error); *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993) (addressing the harmless-error standard that applies in habeas cases alleging constitutional error). In order to obtain collateral relief under § 2255, a movant must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).

When a defendant files a § 2255 motion, he must set forth facts which entitle him to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). A movant must prove that he is entitled to relief by a preponderance of evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). A motion that merely states general conclusions of law, without substantiating the allegations with facts, is without legal merit. *Loum v. Underwood*, 262 F.2d 866, 867 (6th Cir. 1959); *United States v. Johnson*, 940 F. Supp. 167, 171 (W.D. Tenn. 1996).

4

Under Rule 8(a) of the Governing Rules, the Court is to review the answer, any transcripts, and records of prior proceedings and any material submitted under Rule 7 to determine whether an evidentiary hearing is warranted. Rules Governing Section 2255 Proceedings, Rule 8(a). If a petitioner presents a factual dispute, then "the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Huff v. United States*, 734 F.3d 600, 607 (6th Cir. 2013) (quoting *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007)). An evidentiary hearing is not required "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of facts." *Valentine*, 488 F.3d at 333 (quoting *Arrendondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)). The Court **FINDS** no need for an evidentiary hearing in the instant case.

### III. ANALYSIS

As an initial matter, Petitioner seems to raise two claims in this § 2255 motion: 1) ineffective assistance of counsel for failing to argue for a reduced sentence based on Petitioner's health issues and ailments and for failing to investigate, and 2) that the Court misused the guideline range and did not look at the overall picture of Petitioner's situation. [Doc. 1; Crim. Doc. 546]. The Court will first address Claim 2, and then Claim 1.

#### A. Claim 2 – The Court Misused the Guideline Range

##### a. *Timeliness*

As a preliminary matter, the Government asserts that Petitioner's motion is untimely as the one-year period of limitations applies to Petitioner's motion. [Doc. 4]. Under 28 U.S.C. § 2255, Petitioner's limitation period runs from the latest of four dates – 1) the date

5

when the judgment of conviction is finalized, 2) the date an impediment by government action is removed if applicable, 3) the date the asserted right was initially recognized by the Supreme Court or the date when a newly recognized right is made retroactively applicable, and 4) the date when the facts surrounding the claim(s) could have been discovered through due diligence. Here, Petitioner does not assert a newly recognized right, nor does he assert any impediment by government action keeping him from timely filing this § 2255 motion. Therefore, the appropriate limitations date is the later date of when Petitioner's judgment became final or when the facts supporting the claim could have been discovered.

Petitioner's claims are based on facts surrounding the application of the advisory sentencing guidelines. These are facts which could have been discovered prior to Petitioner's sentencing hearing in October 2015 through the exercise of due diligence. Petitioner's judgment became final November 2015, and thus, as the latter of the two dates, is the date the Court will use in determining timeliness of the motion. As Petitioner filed the instant motion September 2017, almost an entire year beyond the period of limitations provided in 28 U.S.C. § 2255(f)(1), his motion is untimely, absent the applicability of equitable tolling.

Equitable tolling "allows courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)). The AEDPA limitations period may be subject to equitable tolling if

6

Case 2:14-cr-00107-RLJ-MCLC   Document 617   Filed 10/28/20   Page 6 of 13   PageID #: 3448

the movant shows that (1) extraordinary circumstances beyond his control made timely filing of a federal habeas petition impossible and (2) the movant has acted diligently in pursuing his rights. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "[T]he doctrine of equitable tolling is used sparingly by federal courts," *Robertson*, 624 F.3d at 784, and the movant bears the burden of showing that equitable tolling is appropriate. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

To demonstrate in this case that he is entitled to equitable tolling, Petitioner must establish that he has pursued his rights diligently and that some extraordinary circumstance prevented timely filing. *Holland*, 560 U.S. at 649. Petitioner has not attempted to show that any extraordinary circumstance existed or prevented him from timely raising the claims contained in his § 2255 motion or that he had been pursuing his rights diligently. Because Petitioner has not established he was unable to timely file his § 2255 motion to vacate due to extraordinary circumstances beyond his control, the Court need not address the diligence prong of the equitable tolling test.

### b. *Collateral Attack Waiver*

When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from bringing such claims. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001) (citing to *United States v. Fleming*, 239 F.3d 761, 763 (6th Cir. 2001). A waiver in a plea agreement is generally considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement terms. *Id.* An exception to the general rule exists if the collateral attack concerns the validity of the waiver itself. *In re Acosta*, 480 F.3d 421, 422

7

(6th Cir. 2007). However, in situations where the § 2255 motion does not articulate a basis for attacking the validity of the waiver, the Sixth Circuit and lower courts within the Circuit have upheld collateral attack waivers if the waivers were knowing and voluntary. *Watson v. United States*, 165 F.3d at 486, 489 (6th Cir. 1999); *United States v. Eversole*, No. 6:05-cr-34, 2010 WL 420067, at *2, n.3 (E.D. Ky. Feb. 1, 2010).

In this case, Petitioner signed a Plea Agreement containing the following waiver provision: "[t]he defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a §2255 motion as to (i) prosecutorial misconduct not known to the defendant by the time of the entry of the judgment and (ii) ineffective assistance of counsel." [Crim. Doc. 277, p. 20].

Petitioner does not challenge the validity of the actual waiver, suggest that he did not understand the waiver, or claim that he did not sign it voluntarily. Accordingly, because Petitioner is not attacking the validity of the plea itself, and because he expressly waived the right to collaterally attack his conviction except for claims of ineffective assistance of counsel and prosecutorial misconduct, Claim 2 is barred by the knowing and voluntary waiver contained in the binding Plea Agreement. *See Davila*, 258 F.3d at 451. Accordingly, Petitioner's Claim 2 will be **DENIED** as untimely and barred by his collateral attack waiver. However, as discussed below, this claim alternatively fails on the merits.

### c. Merits

Petitioner primarily argues that "the guideline range was not used correctly, and the Court did not look at the overall picture of the situation, his health, his appearance." [Doc.

8

1, p. 3]. Petitioner talks about how the Court is able to look at several factors to impose a sentence below the guideline range if the sentence is just and is sufficient, but not greater than necessary to comply with the basic aims of sentencing. [*Id.*]. Petitioner asserts that his health issues warrant a downward departure below the advisory guideline range. [*Id.* at 5].

The Government responds that Petitioner has not made a claim that can be reviewed on collateral review. [Doc. 4, p. 4]. Because Petitioner is attacking the advisory guideline, and that kind of attack is only reviewable on collateral review in extraordinary circumstances, Petitioner is not entitled to relief. [*Id.*].

As Petitioner is actually collaterally attacking his sentence, he waived his right to do so in his plea agreement, and he failed to raise this claim on appeal, Petitioner is procedurally defaulted from bringing this claim. *United States v. Calderon*, No. 98-1336, 1999 WL 801587, at *3 (6th Cir. Sept. 27, 1999). Further, Petitioner was sentenced 37 months less than the lowest range of the advisory guideline range, and the record reflects that the Court granted Petitioner's motion for a downward variance and took into consideration Petitioner's medical condition and age when imposing the sentence. [Crim. Doc. 404]. As the Supreme Court has explained, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Petitioner's unsupported allegations are directly contradicted by the record and are not credited. Thus, Claim 2 also fails on the merits.

**B. Claim 1 – Ineffective Assistance of Counsel**

9

As discussed above, Petitioner's claim of ineffective assistance of counsel is not barred by his collateral attack waiver. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for h[er] defense." U.S. Const. amend. VI. A criminal defendant's Sixth Amendment right to counsel necessarily implies the right to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a movant must show: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

To prove deficient performance, the movant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. The appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Id*. at 688. A movant asserting a claim of ineffective assistance of counsel must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). It is strongly presumed that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The prejudice prong "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is unreliable." *Id*. at 687. The

movant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different[.]" *Id.* at 703. Counsel is constitutionally ineffective only if a performance below professional standards caused the defendant to lose what he "otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992).

Petitioner's argument fails at *Strickland's* second step. Petitioner's primary argument for ineffective assistance of counsel is that his counsel did not file motions on his behalf, nor did he argue for leniency due to Petitioner's health issues at sentencing. [Doc. 1, p. 3]. Petitioner also makes a conclusory statement that his attorney did not investigate properly nor meet with him enough. [*Id.*].

This claim lacks specific factual support for the allegation as it fails to establish how counsel's alleged ineffectiveness prejudiced Petitioner in any way. As a result, the Court can reject this contention as insufficient to sustain the motion. *See Ushery v. United States*, No. 20-5292, 2020 U.S. App. LEXIS 21840, at *3–4 (6th Cir. July 14, 2020).

Further, even if Petitioner had provided specific allegations of his counsel's conduct and prejudice, the motion would still be denied. Petitioner's unsupported allegations regarding his counsel's failure to file motions regarding Petitioner's health and age are directly contradicted by the record and are not credited. *See Blackledge*, 431 U.S. at 74. Petitioner's counsel filed a motion for a downward variance specifically citing to Petitioner's failing health and advanced age. [Crim. Doc. 369, pp. 9-11], which the Court granted at the sentencing. [Crim. Doc. 404, p. 3]. Further, Petitioner has not alleged that he would not have pled guilty or proceeded to trial but for counsel's mis-advice. Petitioner

11

thus cannot bear his burden of showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Accordingly, Petitioner's Claim 1 will be **DENIED** as the record directly contradicts Petitioner's claims, and Petitioner has not shown that he was prejudiced by any alleged ineffectiveness of counsel.

## IV.  CONCLUSION

For the reasons above, Petitioner's § 2255 motion [Doc. 1; Crim. Doc. 546] will be **DENIED** and **DISMISSED**.

## V.  CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated a "substantial showing of a denial of a constitutional right." *Id.* The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

A petitioner whose claims have been rejected on the merits satisfies the requirements of § 2253(c) by showing that jurists of reason would find the assessment of the claims debatable or wrong. *Slack*, 529 U.S. at 484. Having examined Petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that the

dismissal of those claims was debatable or wrong. Therefore, the Court will **DENY** issuance of a certificate of appealability.

A separate judgment will enter.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

13

Case 2:14-cr-00107-RLJ-MCLC   Document 617   Filed 10/28/20   Page 13 of 13   PageID #: 3455